**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CRIMINAL CASE NO. 2:12-cr-00011-MR-DCK**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **O R D E R** |
| ) | |
| **WILLIAM ANDREW ESTES,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Complaint for Injunctive Relief" [Doc. 44], which the Court construes as a motion for the release of records pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a.

In his motion, the Defendant requests the disclosure of various records by the United States Attorney's Office and the Drug Enforcement Agency. [Doc. 44 at 1].

The Defendant's request is denied. The Defendant entered into a plea agreement in this case pursuant to which he agreed to waive "all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any

records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a." [Doc. 2 at ¶ 20]. This waiver thus precludes the pending motion. See United States v. Lucas, 141 F. App'x 169, 170 (4th Cir. 2005) (per curiam).[1]

**IT IS, THEREFORE, ORDERED** that the Defendant's "Complaint for Injunctive Relief" [Doc. 44], which the Court construes as a motion for the release of records pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Privacy Act, 5 U.S.C. § 552a, is hereby **DENIED**.

**IT IS SO ORDERED.**

Signed: December 27, 2016

Martin Reidinger
United States District Judge

---

[1] In any event, federal courts are expressly excluded from the definition of "agency" for purposes of FOIA and Privacy Act disclosure requirements. 5 U.S.C. § 551(1)(B); Gayle v. Johnson, 275 F. App'x 211, 212 n.1 (4th Cir. 2008) (per curiam); Sheppard v. Revell, No. 5:09-CT-3044-FL, 2010 WL 3672261, at *4 (E.D.N.C. Sept. 20, 2010).